IN THE CIRCUIT COURT OF THE
20TH JUDICIAL CIRCUIT IN AND FOR
LEE COUNTY, FLORIDA

FALLON WOODMANSEE,

    Plaintiffs,

vs.                                              Case No.

APEX ROOFING AND RESTORATION, LLC,
a Florida Limited Liability Company,

    Defendants.
_____/

# COMPLAINT

Plaintiff, FALLON WOODMANSEE ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, APEX ROOFING AND RESTORATION, LLC, a Florida Limited Lability Company. ("Defendant" or "Apex"), and alleges as follows:

1. This is an action for damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"); and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA"), to redress injuries resulting from Defendant's unlawful gender-based discriminatory treatment of and retaliation against Plaintiff.

2. Plaintiff alleged an amount in controversy over the

3. At all times material hereto, Plaintiff was a resident of Lee County, Florida.

4. Defendant, APEX ROOFING AND RESTORATION, LLC, is authorized to conduct business in the State of Florida and has its principal place of business in Ft. Myers, Lee County, Florida within the jurisdiction of this Honorable Court.

5. Defendant is a covered employer pursuant to Title VII and Florida Statutes § 760.02(7) as Defendant is and was employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

6. Plaintiff is a covered employee pursuant to Title VII and Florida Statutes § 760.02(7) having worked for Defendant in 2022.

7. Venue is proper because all of the actions that form the basis of this Complaint occurred within this district and damages exceed $50,000.00.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff is female and within a class of individuals protected by Title VII and the FCRA.

10. Plaintiff commenced employment with Defendants in or about January of 2022 through March of 2022 doing administrative work in Defendant's Ft. Myers office.

11. Plaintiff earned $15 per hour working 50 – 60 hours per workweek.

12. Shortly after starting work with Defendant, Joyce Hickey, in front of other employees, informed EE that she did not have the right body shape to wear leggings. Joyce Hickey was engaged in Female Body Shaming and did not make such comments to other female employees in the office. These comments were witnessed by Nicole Bray, Deth Ford and Donna LNU.

13. The above witnesses in Paragraph 11 are direct comparators, all doing administrative work in the office who were not treated inappropriately by Defendant and manager Joyce Hickey.

14. Defendant even forced Plaintiff, while at work, to stand up and display her body to other employees causing extreme embarrassment and shame. The mistreatment by Defendant

continued and Plaintiff was singled out in the office and treated differently than other employees, excluded socially and basically treated like an outcast.

15. Plaintiff reported the body shaming comments, inappropriately treatment to Human Resources, Jennifer Comstock, on March 1, 2022.  Defendant's HR department failed to respond to the email and took no action allowing the mistreatment of Plaintiff to continue.

16. On or about March 3, 2022, Jason Brown, an executive in the corporate office in Alabama called Plaintiff informing her that if she wasn't happy she should go find a job elsewhere.  This is a constructive termination and was done in retaliation for Plaintiff's written complaints about sexual harassment, gender discrimination and was illegal.

17. Immediately after the phone call, Plaintiff was written up by Drew Nauss, the district office supervisor  and then locked out of the system and terminated on March 29, 2022.

18. Plaintiff was never given an opportunity to respond to the write up nor was her statement taken or an investigation performed.

19. Plaintiff's termination was in retaliation for engaging in the protected activity of objecting to Defendants' unlawful harassment.  Any other reason is merely a pretext for Defendant's unlawful behavior.

20. Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission and the Florida Commission on Human Relations (EEOC Charge No. 510-2022-04709). Defendant is in possession of this document as confirmed by letter dated May 10, 2022.

21. The EEOC issued a right to sue on October 26, 2022 signed by Evanteline Hawthorne, Acting District Director, which was copied to defendant and their counsel, Tae Phillips, Esq.

22. The Plaintiff has retained the undersigned counsel in order that her rights and interests

may be protected.  The Plaintiff has thus become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
*Gender/Sex Discrimination in Violation of the FCRA*

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

24. Plaintiff is a member of a protected class under the FCRA.

25. By the conduct describe above, Defendants have engaged in discrimination against Plaintiff because of Plaintiff's gender and subjected the Plaintiff to gender-based animosity.

26. Such discrimination was based upon the Plaintiff's gender in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is female.

27. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendants and their supervisory personnel were aware that discrimination on the basis of gender was unlawful but acted in reckless disregard of the law.

28. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendants.

29. Defendants retained the employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

30. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

31. The conduct of Defendants, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued

discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

32. The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendants for their actions and to deter them, and others, from such action in the future.

33. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

a. Adjudge and decree that Defendants have violated the FCRA, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Retaliation in Violation of the FCRA*

34. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-32 of this complaint as if set out in full herein.

35. Plaintiff is a member of a protected class under the FCRA.

36. By the conduct describe above, Defendants retaliated against Plaintiff for exercising rights protected under the FCRA.

37. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendants and its supervisory personnel were aware that discrimination on the basis of gender was unlawful but acted in reckless disregard of the law.

38. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

39. The conduct of Defendants, by and through the conduct of its agents, employees, and/or representatives, and Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

40. The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

41. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' retaliatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

g. Adjudge and decree that Defendants have violated the FCRA, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

h. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

i. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

j. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

k. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

l. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
*Gender/Sex Discrimination in Violation of Title VII*

42. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

43. Plaintiff is a member of a protected class under Title VII as a Female.

44. By the conduct describe above, Defendants have engaged in discrimination against Plaintiff because of Plaintiff's gender and subjected the Plaintiff to gender-based animosity.

45. Such discrimination was based upon the Plaintiff's gender in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is female.

46. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's

protected rights. Defendants and their supervisory personnel were aware that discrimination on the basis of gender was unlawful but acted in reckless disregard of the law.

47. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendants.

48. Defendants retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

49. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

50. The conduct of Defendants, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

51. The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendants for their actions and to deter them, and others, from such action in the future.

52. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

m. Adjudge and decree that Defendants have violated Title VII, and have done so willfully,

intentionally, and with reckless disregard for Plaintiff's rights;

n. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

o. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

p. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

q. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

r. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *Retaliation in Violation of Title VII*

53. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-51 of this complaint as if set out in full herein.

54. Plaintiff is a member of a protected class under Title VII as a female.

55. By the conduct describe above, Defendants retaliated against Plaintiff for exercising rights protected under Title VII.

56. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendants and its supervisory personnel were aware that discrimination on the basis of gender was unlawful but acted in reckless disregard of the law.

57. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and

damage.

58. The conduct of Defendants, by and through the conduct of its agents, employees, and/or representatives, and Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

59. The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

60. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' retaliatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

s. Adjudge and decree that Defendants have violated Title VII, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

t. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

u. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

v. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

w. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

x. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: January 9, 2022

                                      Respectfully submitted,

                                      */s/ Daniel H. Hunt, Esq.*
Daniel H. Hunt, Esq.
Florida Bar No.: 121247 PO BOX 565096,
Miami, FL 33256 dhuntlaw@gmail.com
Telephone: (305) 495-5593
Facsimile: (305) 513-5723
Attorney for Plaintiff